1

John D. Cline (State Bar No. 237759)
cline@johndclinelaw.com

2

LAW OFFICE OF JOHN D. CLINE

3

50 California Street, Suite 1500
San Francisco, CA  94111

4

Telephone:  (415) 662-2260
Facsimile:   (415) 662-2263

5

6

K.C. Maxwell (State Bar No. 214701)
kcm@kcmaxlaw.com

7

MAXWELL LAW PC
23 Geary Street, Suite 600

8

San Francisco, CA 94108
San Francisco, CA 94108

9

Telephone:    (415) 494-8887
Facsimile:    (415) 749-1694

10

11

12

**IN THE UNITED STATES DISTRICT COURT**

13

**NORTHERN DISTRICT OF CALIFORNIA**

14

15

UNITED STATES OF AMERICA

16

Plaintiff,

17

vs.

18

ARA KARAPEDYAN et. al.

19

20

Defendant(s).

21

22

23

24

25

) Case No.: 3:15-cr-0234-CRB
) Case No.: 3:16-cr-225-CRB
)
) **DEFENDANTS' PROPOSED JURY**
) **INSTRUCTIONS**
)
)
)
)
)
)
)
)
)
)

Defendants David Miller and Minnesota Independent Cooperative, Inc. ("MIC") submit the

26

following proposed jury instructions for the Court's consideration.[1]   Defendants Miller and MIC

27

28

---

[1] These proposed instructions are not intended to waive any matter raised in any pretrial motion or
any other objection or matter raised by defendants before or during trial.  If the Court grants any part

reserve the right to supplement, withdraw, or modify these proposed instructions, particularly in response to proposed instructions submitted by the government, evidence adduced at trial, or other developments before or during trial.  In addition, defendants reserve the right to submit appropriate theory of defense instructions, depending on the evidence at trial.

First, defendants Miller and MIC request that the Court give the following pattern instructions from the 2021 version of the Ninth Circuit Manual of Modern Criminal Jury Instructions:

Instructions 1.1, 1.2, 1.3, 1.4, 1.5, 1.6, 1.7, 1.8, 1.9, 1.10, 1.11, 1.13, 1.14 (option 1), and 1.16: Preliminary instructions before trial.  The defense will confer with the government on the brief statement of the elements of the charged offenses for purposes of Instruction 1.2.

| | |
|---|---|
| Instruction 2.1: | Cautionary instruction--first recess |
| Instruction 2.3: | Stipulations of fact (if applicable) |
| Instruction 2.5: | Deposition as substantive evidence (if Guillen deposition proceeds as planned) |
| Instruction 2.9: | Foreign language testimony (if warranted by the evidence) |
| Instruction 2.12: | Evidence for limited purpose (if warranted by the evidence) |
| Instruction 3.1: | Duties of jury to find facts and follow law |
| Instruction 3.2: | Charge against defendants not evidence--presumption of innocence--burden of proof |
| Instruction 3.3: | Defendant's decision not to testify (if defendant Miller does not testify) |
| Instruction 3.4: | Defendant's decision to testify (if defendant Miller testifies) |
| Instruction 3.5: | Reasonable doubt--defined |

---

of the motion for judgment of acquittal that defendants expect to make at the close of the prosecution's case, defendants respectfully reserve the right to modify these instructions accordingly.  In addition, defendants reserve the right to propose appropriate theory of defense instructions and to propose other instructions in light of developments at trial.

Instruction 3.6:        What is evidence

Instruction 3.7:        What is not evidence

Instruction 3.8:        Direct and circumstantial evidence

Instruction 3.9:        Credibility of witnesses

Instruction 3.10:       Activities not charged

Instruction 3.13:       Separate consideration of multiple counts--multiple defendants

Instruction 3.16:       Corporate defendant

Instruction 3.17:       Foreign language testimony (if warranted by the evidence)

Instruction 4.14:       Opinion evidence, expert witness (if warranted by the evidence)

Instruction 4.15:       Dual role testimony (if warranted by the evidence)

Instruction 4.16:       Charts and summaries not admitted into evidence (if warranted by the evidence)

Instruction 4.17:       Charts and summaries admitted into evidence (if warranted by the evidence)

Instruction 7.1:        Duty to deliberate

Instruction 7.2:        Consideration of evidence--conduct of the jury

Instruction 7.3:        Use of notes

Instruction 7.5:        Verdict form

Instruction 7.6:        Communication with court

In addition to these pattern instructions, defendants Miller and MIC request that the Court give the instructions set forth on the following pages.

1

2    Dated:  December 10, 2021                    Respectfully submitted,

3                                                 LAW OFFICE OF JOHN D. CLINE

4
                                                  By: _____/s/_____
5                                                        John D. Cline

6                                                 Attorney for Defendant
                                                  DAVID MILLER
7
                                                  MAXWELL LAW PC
8

9
                                                  By: _____/s/_____
10                                                       K.C. Maxwell

11                                                Attorney for Defendant
                                                  MINNESOTA INDEPENDENT
12                                                COOPERATIVE, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of December, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all other parties.

/s/  John D. Cline
John D. Cline

Attorney for Defendant David Miller

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

2

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1**
**THE GOVERNMENT AS A PARTY**

3

You are to perform the duty of finding the facts without bias or prejudice as to any party.  You

4

are to perform your final duty in an attitude of complete fairness and impartiality.

5

The fact that the prosecution is brought in the name of the United States of America entitles

6

the government to no greater consideration than that accorded to any other party to a litigation.  By

7

the same token, it is entitled to no less consideration.  All parties, whether government or individuals,

8

stand as equals at the bar of justice.[2]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[2] Adapted from 1 Sand, Modern Federal Jury Instructions Criminal, Instruction 2-5 (Matthew Bender ed. 2020).  The phrase "adapted from" in these instructions means that the proposed instruction represents a modification of the cited model instruction.

1

2

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2
## LAW ENFORCEMENT WITNESSES

3

4

You have heard the testimony of witnesses employed by law enforcement agencies.  The fact that a witness may be employed by a law enforcement agency does not mean that his or her testimony should necessarily receive more or less consideration or greater or lesser weight than that of an ordinary witness.

5

6

At the same time, it is legitimate for defense counsel to try to attack the credibility of the law enforcement witnesses on the ground that their testimony may be colored by a personal or professional interest in the outcome of the case.

7

8

9

10

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give to that testimony whatever weight, if any, you find it deserves.[3]

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[3] Adapted from Third Circuit Model Criminal Jury Instructions, Instruction 4.18 (2021); *see* 1 Sand, Modern Federal Jury Instructions Criminal, Instruction 7-16 (Mathew Bender ed. 2020).

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3**
**CONSPIRACY—ELEMENTS**

Mr. Miller is charged with conspiracy in Counts One, Four, and Five of the California indictment and in Count Twelve of the Ohio indictment.  MIC is charged with conspiracy in Count Twelve of the Ohio indictment.  I will instruct you in a few minutes on the particular conspiracies charged in those counts.  The following instructions apply to all the conspiracy charges.

In order for a defendant to be found guilty of a conspiracy, you must all unanimously agree that the government has proved each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to commit a crime; and

Second, that the defendant became a member of the alleged conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit a crime as alleged in the indictment as an object of the conspiracy, with all of you agreeing unanimously as to the object of the alleged conspiracy and as to at least one of the other members of the alleged conspiracy.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

1         For each conspiracy count, you must decide whether the conspiracy charged in the indictment

2    existed and, if it did, who at least some of its members were.  For each count, if you find that the

3    alleged conspiracy charged in that count did not exist, then you must find the defendant you are

4    considering not guilty on that count, even though you may find that some other conspiracy existed.

5    Similarly, if you find that the defendant you are considering was not a member of the charged

6    conspiracy, then you must find the defendant not guilty, even though the defendant may have been a

7    member of some other conspiracy.[4]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[4] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit §§ 8.20, 8.22; *see United States v. Lapier*, 796 F.3d 1090, 1096-98 (9th Cir. 2015) (addressing specific unanimity instruction in conspiracy context); O'Malley, Federal Jury Practice and Instructions:  Criminal § 47.17 (Unanimity—Explained) (6th ed. Aug. 2021).

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 4**
**CONSPIRACY—KNOWLEDGE OF AND ASSOCIATION WITH OTHER**
**CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of a conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even if the defendant you are considering did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in an alleged conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the alleged conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a defendant's participation in a conspiracy was minor or for a short period of time.  I remind you that a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.[5]

---

[5] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.23; *see id*. § 8.20.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 5**
**COUNT ONE (CA)--RICO CONSPIRACY--ELEMENTS**

Count One of the California indictment charges that from in or about 2009 until May 6, 2015, Mr. Miller and others unlawfully and knowingly conspired to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity. MIC is not charged in Count One of the California indictment. The instructions I have given you on the elements of a conspiracy apply in full to the RICO conspiracy charge. I will now instruct you on the elements of the RICO offense that is the object of the alleged conspiracy.

To establish a RICO offense, the government must prove each of the following beyond a reasonable doubt:

First, there was an on-going enterprise with some sort of formal or informal framework for carrying out its objectives, consisting of a group of persons or entities associated together for a common purpose of engaging in a course of conduct. An enterprise need not be a formal entity such as a corporation and need not have a name, regular meetings, or established rules. An enterprise must, however, function as a continuing unit; it must have some sort of hierarchical or consensual decision-making structure; and it must exist for purposes other than just to commit predicate acts of racketeering activity;

Second, the defendant was employed by or associated with the enterprise;

Third, the defendant conducted or participated in, directly or indirectly, the affairs of the enterprise through a pattern of racketeering activity. To conduct or participate means that the defendant had to be involved in the operation or management of the enterprise; and

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1    Fourth, the enterprise engaged in or its activities in some way affected commerce between

2    one state and another state.[6]

---

[6] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.161; *see, e.g., Boyle v. United States*, 556 U.S. 938, 945 (2009) (discussing requirements of "associated in fact" enterprise); *Odom v. Microsoft Corp.*, 486 F.3d 541, 551-52 (9th Cir. 2007) (enterprise must function as a "continuing unit"); *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, 497 F. Supp. 3d 552, 598-603 (N.D. Cal. 2020) (discussing requirements of "associated in fact" enterprise); *see also, e.g., Walker v. Beaumont Independent School District*, 938 F.3d 724, 738 (5th Cir. 2019) ("associated in fact" enterprise must exist separate from pattern of racketeering activity; it must have "some sort of hierchical or consensual decision-making structure"; and it must "exist for purposes other than just to commit predicate acts").

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 6**
**COUNT ONE (CA)--RICO CONSPIRACY--PATTERN OF RACKETEERING ACTIVITY**

To establish a pattern of racketeering activity, the government must prove each of the following beyond a reasonable doubt:

First, that at least two acts of racketeering were committed within a period of ten years of each other. The racketeering acts alleged in Count One are fraud in connection with false identification documents, fraud in connection with counterfeit or unauthorized access devices, mail and wire fraud, and money laundering. I will instruct you on the elements of these offenses in a few minutes.

Second, the acts of racketeering activity were related to each other, meaning that there was a relationship between or among the acts of racketeering; and

Third, the acts of racketeering amounted to or posed a threat of continued criminal activity.

With respect to the second element, acts of racketeering are related if they embraced the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics.

Sporadic, widely separated, or isolated criminal acts do not form a pattern of racketeering activity.

Two racketeering acts are not necessarily enough to establish a pattern of racketeering activity.[7]

---

[7] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.157.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 7**
**COUNT ONE (CA)--RICO CONSPIRACY--RACKETEERING ACT--FRAUD IN CONNECTION WITH FALSE IDENTIFICATION DOCUMENTS**

Among the acts of racketeering activity charged in Count One is fraud in connection with false identification documents.  To establish fraud in connection with false identification documents, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly produced a false identification document;

Second, the defendant produced the false identification document without lawful authority; and

Third, the production of the false identification document was in or affected commerce between one state and another state.

Or:

First, the defendant knowingly possessed five or more false identification documents;

Second, the defendant intended to use unlawfully those false identification documents; and

Third, the possession and use of the false identification documents was in or affected commerce between one state and another state.

Or:

First, the defendant knowingly possessed a false identification document; and

Second, the defendant intended the false identification document to be used to defraud the United States.

Or:

First, the defendant knowingly transferred, possessed, or used a means of identification of another person;

Second, the defendant did so without lawful authority;

Third, the defendant transferred, possessed, or used the means of identification with the intent to commit, or to aid and abet, or in connection with, a violation of federal criminal law; and

1    Fourth, the transfer, use, or possession of the means of identification was in or affected

2    commerce between one state and another state.[8]

_____

[8] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit §§ 8.75, 8.77, 8.81; *see* 18 U.S.C. § 1028(a)(1), (3), (4), (7).

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8**
**COUNT ONE (CA)--RICO CONSPIRACY--RACKETEERING ACT--FRAUD IN**
**CONNECTION WITH COUNTERFEIT OR UNAUTHORIZED ACCESS DEVICES**

Among the acts of racketeering activity charged in Count One is fraud in connection with counterfeit or unauthorized access devices.  To establish fraud in connection with counterfeit or unauthorized access devices, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly used a counterfeit access device;

Second, the defendant acted with the intent to defraud; and

Third, the defendant's conduct affected commerce between one state and another state.

Or:

First, the defendant knowingly used one or more unauthorized access devices at any time during a one-year period;

Second, by using the unauthorized access devices during the one-year period, the defendant obtained anything of value worth $1,000 or more;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's conduct affected commerce between one state and another state.

Or:

First, the defendant knowingly possessed at least fifteen counterfeit or unauthorized access devices at the same time;

Second, the defendant knew that the devices were counterfeit or unauthorized;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's conduct affected commerce between one state and another state.

Or:

First, with an access device issued to another person, the defendant knowingly effected transactions;

Second, the defendant obtained through such transactions at any time during a one-year period a total of at least $1,000 in payments or any other thing of value;

Third, the defendant acted with intent to defraud; and

Fourth, the defendant's conduct in some way affected commerce between one state and another state.

For purposes of this instruction, an "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access, that can be used alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

A "counterfeit access device" means any access device that is counterfeit, fictitious, altered, or forged, or an identifiable component of an access device or counterfeit access device.

An "unauthorized access device" is any access device that is lost, stolen, expired, revoked, canceled, or obtained with intent to defraud.[9]

---

[9] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit §§ 8.84, 8.85, 8.86, 8.88, 8.90; *see* 18 U.S.C. § 1029(a)(1), (2), (3), (5).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 9**
**COUNT ONE (CA)--RICO CONSPIRACY--RACKETEERING ACT--**
**MAIL AND WIRE FRAUD**

Among the acts of racketeering activity charged in Count One are mail and wire fraud.  I will instruct you on the elements of mail and wire fraud in my instructions on Count Four of the California indictment and Counts Two through Twelve of the Ohio indictment.  Those instructions apply equally to the mail and wire fraud acts of racketeering activity charged in Count One.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10**
**COUNT ONE (CA)--RICO CONSPIRACY--RACKETEERING ACT--**
**MONEY LAUNDERING**

Among the acts of racketeering activity charged in Count One is money laundering.  I will instruct you on the elements of money laundering in my instructions on Count Five of the California indictment.  Those instructions apply equally to the money laundering acts of racketeering activity charged in Count One.

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 11**
**COUNT FOUR (CA)--CONSPIRACY TO COMMIT**
**MAIL AND WIRE FRAUD--ELEMENTS**

Count Four of the California indictment charges that from in or about 2009 until May 6, 2015, Mr. Miller and others unlawfully and knowingly conspired to commit the crimes of mail and wire fraud. MIC is not charged in Count Four of the California indictment. The instructions I have given you on the elements of a conspiracy apply in full to the charge of conspiracy to commit mail and wire fraud. I will now instruct you on the elements of the mail and wire fraud offenses that are the object of the alleged conspiracy.

To establish mail or wire fraud, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material. Statements are material when, in the context in which they were made, they have a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant used, or caused to be used, a mailing or an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.[10]

---

[10] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit §§ 8.121, 8.124; *see United States v. Woods*, 335 F.3d 993, 997–98 (9th Cir. 2003) (approving instruction defining scheme to defraud as broader than specific misrepresentations); *see also, e.g., Kelly v. United States*, 140 S. Ct. 1565, 1568 (2020) (money or property element); *McNally v. United States*, 483 U.S. 350, 358-59 (1987) (same); *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) (misrepresentation must go to the nature of the bargain); *United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989) (requiring intent to obtain money or property from the one deceived); *United States v. Starr*, 816 F.2d 94, 99 (2d Cir. 1987) (no mail or wire fraud where there was no discrepancy between benefits reasonably anticipated and benefits actually received).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 12**
**COUNT FIVE (CA)--CONSPIRACY TO COMMIT**
**MONEY LAUNDERING--ELEMENTS**

Count Five of the California indictment charges that from in or about 2009 until May 6, 2015, Mr. Miller and others unlawfully and knowingly conspired to commit the crime of money laundering. MIC is not charged in Count Five of the California indictment. The instructions I have given you on the elements of a conspiracy apply in full to the charge of conspiracy to commit money laundering. I will now instruct you on the elements of the money laundering offense that is the object of the alleged conspiracy.

To establish money laundering, the government must prove each of the following beyond a reasonable doubt:

First, the defendant conducted or attempted to conduct a financial transaction involving property that represented the proceeds of conspiracy to commit identity theft, conspiracy to commit access device fraud, or conspiracy to commit mail and wire fraud;

Second, the defendant knew that the property represented the proceeds of some form of unlawful activity; and

Third, the defendant acted either with the intent to promote the carrying on of conspiracy to commit identity theft, conspiracy to commit access device fraud, or conspiracy to commit mail and wire fraud, or with knowledge that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of conspiracy to commit identity theft, conspiracy to commit access device fraud, or conspiracy to commit mail and wire fraud.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means the defendant knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony. I instruct you that conspiracy to commit identity theft, conspiracy to commit access device fraud, and conspiracy to commit mail and wire fraud are felonies.[11]

---

[11] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit §§ 8.146, 8.147; *see* 18 U.S.C. § 1956(a)(1)(A), (B).

1

2

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 13**
**COUNTS TWO THROUGH ELEVEN (OHIO)--**
**MAIL FRAUD--ELEMENTS**

3

4

5

Counts Two through Eleven of the Ohio indictment charge that on specific dates between April 21, 2011 and March 27, 2014, Mr. Miller and MIC committed the crime of mail fraud. To establish mail fraud, the government must prove each of the following beyond a reasonable doubt:

6

7

8

First, the defendant you are considering knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

9

10

11

Second, the statements made as part of the scheme were material.  Statements are material when, in the context in which they were made, they have a natural tendency to influence, or were capable of influencing, a person to part with money or property;

12

13

Third, the defendant you are considering acted with the intent to defraud; and

14

Fourth, the defendant you are considering used, or caused to be used, a mailing to carry out an essential part of the scheme.[12]

15

16

17

18

19

20

21

22

23

24

---

25

26

27

28

[12] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.121; *see United States v. Woods*, 335 F.3d 993, 997–98 (9th Cir. 2003) (approving instruction defining scheme to defraud as broader than specific misrepresentations); *see also, e.g., Kelly v. United States*, 140 S. Ct. 1565, 1568 (2020) (money or property element); *McNally v. United States*, 483 U.S. 350, 358-59 (1987) (same); *United States v. Shellef*, 507 F.3d 82, 108 (2d Cir. 2007) (misrepresentation must go to the nature of the bargain); *United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989) (requiring intent to obtain money or property from the one deceived); *United States v. Starr*, 816 F.2d 94, 99 (2d Cir. 1987) (no mail or wire fraud where there was no discrepancy between benefits reasonably anticipated and benefits actually received).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14**
**COUNTS TWO THROUGH ELEVEN (OHIO)--**
**MAIL FRAUD--AIDING AND ABETTING**

Counts Two through Eleven of the Ohio indictment charge that Mr. Miller and MIC aided and abetted the crime of mail fraud.  A defendant may be found guilty of mail fraud even if the defendant did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of mail fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else committed the mail fraud offense charged in the count you are considering;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the mail fraud offense charged in the count you are considering;

Third, the defendant acted with the intent to facilitate mail fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the mail fraud offense charged in the count you are considering.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.[13]

---

[13] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.1; *see* 18 U.S.C. § 2(a).

1

2

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15**
**COUNTS TWO THROUGH ELEVEN (OHIO)--**
**MAIL FRAUD--WILLFULLY CAUSING**

3    Counts Two through Eleven of the Ohio indictment charge that Mr. Miller and MIC willfully

4  caused another person to commit the crime of mail fraud. A defendant may be found guilty of mail

5  fraud even if the defendant did not personally commit the act or acts constituting the crime if the

6  defendant willfully caused an act to be done that if directly performed by the defendant would be the

7  crime of mail fraud.[14]

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[14] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.1A; *see* 18 U.S.C. § 2(b).

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

1

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16**
**COUNT TWELVE (OHIO)--CONSPIRACY TO ENGAGE IN UNLICENSED**

2

**WHOLESALE DISTRIBUTION OF PRESCRIPTION DRUGS AND TO MAKE AND USE**
**FALSE DOCUMENT IN MATTER WITHIN JURISDICTION OF THE FDA--ELEMENTS**

3

4          Count Twelve of the Ohio indictment charges that from in or about September 2007 until at

5    least April 2014, Mr. Miller and MIC unlawfully and knowingly conspired to commit the crimes of

6    knowingly engaging in the unlicensed wholesale distribution of prescription drugs and knowingly

7    and willfully making and using a false document in a matter within the jurisdiction of the FDA.  The

8    instructions I have given you on the elements of a conspiracy apply in full to the charge of conspiracy

9    to commit these offenses.  In addition to those elements, the conspiracy charged in Count Twelve

10   requires the government to prove beyond a reasonable doubt that a member of the conspiracy

11   performed at least one overt act for the purpose of carrying out the conspiracy.[15]

12

13          I will now instruct you on the elements of the unlicensed wholesale distribution and false

14   document offenses that are the objects of the alleged conspiracy.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[15] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.20 (overt act element); *see* 18 U.S.C. § 371.

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17**
**COUNT TWELVE (OHIO)--FIRST OBJECT OFFENSE:  UNLICENSED WHOLESALE DISTRIBUTION OF PRESCRIPTION DRUGS**

One of the offenses alleged as an object of the conspiracy charged in Count Twelve of the Ohio indictment is knowingly engaging in the unlicensed wholesale distribution of prescription drugs. To establish the crime of knowingly engaging in the unlicensed wholesale distribution of prescription drugs, the government must prove each of the following beyond a reasonable doubt:

First, the defendant knowingly engaged in the wholesale distribution of a prescription drug in a state;

Second, the wholesale distribution of the prescription drug occurred in interstate commerce--that is, between one state and another;

Third, the state in which the defendant distributed the prescription drug required that wholesale distributors of prescription drugs in that state have a license from the state;

Fourth, the defendant did not have the license required by state law for the wholesale distribution of prescription drugs; and

Fifth, the defendant knew he or it did not have the license required by state law for the wholesale distribution of prescription drugs.[16]

---

[16] *See* 21 U.S.C. §§ 331(t), 333(b)(1)(D), 353(e)(1)(A),

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18**
**COUNT TWELVE (OHIO)--SECOND OBJECT OFFENSE:  FALSE DOCUMENT IN**
**MATTER WITHIN JURISDICTION OF THE FDA**

The second offense charged as an object of the conspiracy alleged in Count Twelve of the Ohio indictment is knowingly and willfully making and using a false document in a matter within the jurisdiction of the FDA.  To establish the crime of knowingly and willfully making and using a false document in a matter within the jurisdiction of the FDA, the government must prove each of the following beyond a reasonable doubt:

First, the defendant made and used a document that contained a false statement;

Second, the document was made and used in a matter within the jurisdiction of the United States Food and Drug Administration, or FDA;

Third, the defendant knew that the statement in the document was false;

Fourth, the defendant acted willfully; and

Fifth, the false statement in the document was material to the activities and decisions of the FDA; that is, it had a natural tendency to influence, or was capable of influencing, the FDA's decisions or activities.[17]

---

[17] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 8.73; *see* 18 U.S.C. § 1001(a)(3),

1
2

### DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19
### "WILLFULLY" DEFINED

3

      The term "willfully" means to act with knowledge that one's conduct is unlawful and with the

4

intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the

5

law.[18]

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

---

25

[18] *See, e.g., Bryan v. United States*, 524 U.S. 184, 191-92 (1998) ("As a general matter, when used in

26

the criminal context, a willful act is one undertaken with a bad purpose.  In other words, in order to establish a willful violation of a statute, the Government must prove that the defendant acted with knowledge that his conduct was unlawful." (footnote and internal quotation marks omitted)); *United*

27

*States v. Ajoku*, 584 Fed. Appx. 824, 824 (9th Cir. 2014) (reversing conviction after Solicitor General conceded in the U.S. Supreme Court that "the district court erred by giving an instruction on the element of 'willfulness' that does not comply with *Bryan*" in false statements case); *United States v.*

28

*Nora*, 988 F.3d 823, 830 (5th Cir. 2021) (applying *Bryan* standard in case involving 18 U.S.C. § 1349).

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 20
"INTENT TO DEFRAUD" DEFINED**

An intent to defraud is an intent to deceive and cheat, that is, to deprive someone of money or property by deceiving that person.[19]

---

[19] Adapted from Manual of Model Criminal Jury Instructions for the District Courts of the Ninth Circuit § 5.12; *see United States v. Miller*, 953 F.3d 1095, 1101-03 (9th Cir. 2020), *cert. denied*, 141 S. Ct. 1085 (2021); *United States v. Lew*, 875 F.2d 219, 221 (9th Cir. 1989) (requiring intent to obtain money or property from the one deceived).

DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21**
**CORPORATE CRIMINAL LIABILITY**

Counts Two through Twelve of the Ohio indictment charge MIC, which is a corporation.  A corporation may be found guilty of a criminal offense.

A corporation can act only through its agents--that is, its directors, officers, employees, and other persons authorized to act for it.

To find MIC guilty of an offense, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, that each element of the crime charged against MIC was committed by one or more of its agents.  I have explained in these instructions the elements of Counts Two through Twelve of the Ohio indictment;

Second, that in committing these acts, the agent or agents intended, at least in part, to benefit MIC; and

Third, that each act was within the scope of employment of the agent who committed it.

For an act to be within the scope of an agent's employment, it must relate directly to the performance of the agent's general duties for MIC.  It is not necessary that the act itself have been authorized by MIC.

If an agent was acting within the scope of his or her employment, the fact that the agent's act was illegal, contrary to MIC's instructions, or against MIC's policies will not relieve MIC of responsibility for it.

You may, however, consider the existence of MIC's policies and instructions and the diligence of efforts to enforce them in determining whether the agent was acting with intent to benefit MIC and within the scope of his or her employment.[20]

---

[20]Adapted from Eighth Circuit Model Jury Instructions, Instruction 5.03 (2020).  *See also, e.g.,* Pattern Criminal Jury Instructions of the Seventh Circuit, Instruction 5.03 (2020).