1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

United States,

            Plaintiff,

      v.

David Miller, Minnesota Independent
Cooperative,

           Defendants.

Case Nos.  15-cr-00234-CRB-28,
16-cr-00225-CRB-1,
16-cr-00225-CRB-4

**JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return—that is a matter entirely up to you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## CHARGE AGAINST DEFENDANTS NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

1

United States District Court
Northern District of California

## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness; and

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence, and you may not consider them in deciding what the facts are:

Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, what they will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## STIPULATIONS OF FACT

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

1

CREDIBILITY OF WITNESSES

2

3        In deciding the facts in this case, you may have to decide which testimony to

4  believe and which testimony not to believe.  You may believe everything a witness says, or

   part of it, or none of it.

5        In considering the testimony of any witness, you may take into account the

6  following:

7

8        First, the opportunity and ability of the witness to see or hear or know the things

9  testified to;

10        Second, the witness's memory;

11        Third, the witness's manner while testifying;

12        Fourth, the witness's interest in the outcome of the case, if any;

13        Fifth, the witness's bias or prejudice, if any;

14        Sixth, whether other evidence contradicted the witness's testimony;

15        Seventh, the reasonableness of the witness's testimony in light of all the evidence;

16  and

17        Eighth, any other factors that bear on believability.

18

19        Sometimes a witness may say something that is not consistent with something else

20  he or she said.  Sometimes different witnesses will give different versions of what

21  happened.  People often forget things or make mistakes in what they remember.  Also, two

22  people may see the same event but remember it differently.  You may consider these

23  differences, but do not decide that testimony is untrue just because it differs from other

24  testimony.

25        However, if you decide that a witness has deliberately testified untruthfully about

26  something important, you may choose not to believe anything that witness said.  On the

27  other hand, if you think the witness testified untruthfully about some things but told the

28

United States District Court
Northern District of California

truth about others, you may accept the part you think is true and ignore the rest.
The weight of the evidence as to a fact does not necessarily depend on the number of
witnesses who testify.  What is important is how believable the witnesses were, and how
much weight you think their testimony deserves.

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## DEPOSITION AS SUBSTANTIVE EVIDENCE

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of Bernie Guillen was presented to you. You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from Karen Rothschild and Michael Ignacio, who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS— MULTIPLE DEFENDANTS

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial.  You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count, unless a specific instruction states that it applies only to a specific defendant or count.

CORPORATE DEFENDANT

The fact that a defendant is a corporation should not affect your verdict.  Under the law a corporation is considered a person and all persons are equal before the law.  A corporation is entitled to the same fair and conscientious consideration by you as any other person.

United States District Court
Northern District of California

## CORPORATE CRIMINAL LIABILITY

Counts 3 through 12 and Count 14 charge Minnesota Independent Cooperative ("MIC"), which is a corporation.  A corporation may be found guilty of a criminal offense.

A corporation can act only through its agents—that is, its directors, officers, employees, and other persons authorized to act for it.

To find MIC guilty of an offense, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First, that each element of the crime charged against MIC was committed by one or more of its agents.  I have explained in these instructions the elements of Counts 3 through 12 and Count 14;

Second, that in committing these acts, the agent or agents intended, at least in part, to benefit MIC; and

Third, that each act was within the scope of employment of the agent who committed it.

For an act to be within the scope of an agent's employment, it must relate directly to the performance of the agent's general duties for MIC.  It is not necessary that the act itself have been authorized by MIC.

If an agent was acting within the scope of his or her employment, the fact that the agent's act was illegal, contrary to MIC's instructions, or against MIC's policies will not relieve MIC of responsibility for it.

You may, however, consider the existence of MIC's policies and instructions and the diligence of efforts to enforce them in determining whether the agent was acting with intent to benefit MIC and within the scope of his or her employment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

FOREIGN LANGUAGE TESTIMONY

You have heard testimony of witnesses who testified in the Spanish language.  Witnesses who do not speak English or are more proficient in another language testify through an official interpreter.  Although some of you may know the Spanish language, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

ACTIVITIES NOT CHARGED

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

CONSPIRACY—ELEMENTS

Miller is charged with conspiracy in Counts 1, 2, 13, and 14 of the Indictment.  MIC is charged with conspiracy in Count 14.  I will instruct you in a few minutes on the particular conspiracies charged in those counts.  The following instructions apply to all the conspiracy charges.

For a defendant to be found guilty of a conspiracy, the government must prove each of the following elements beyond a reasonable doubt:

First, that there was an agreement between two or more persons to commit a crime; and

Second, that the defendant became a member of the alleged conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy, with all of you agreeing unanimously as to the object of the alleged conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the

originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

For each conspiracy count, you must decide whether the conspiracy charged in the indictment existed and, if it did, who at least some of its members were.  For each count, if you find that the alleged conspiracy charged in that count did not exist, then you must find the defendant you are considering not guilty on that count, even though you may find that some other conspiracy existed.  Similarly, if you find that the defendant you are considering was not a member of the charged conspiracy, then you must find the defendant not guilty, even though the defendant may have been a member of some other conspiracy.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## CONSPIRACY—KNOWLEDGE OF AND
## ASSOCIATION WITH OTHER CONSPIRATORS

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of a conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even if the defendant you are considering did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in an alleged conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the alleged conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a defendant's participation in a conspiracy was minor or for a short period of time.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

COUNT 1—RICO CONSPIRACY—ELEMENTS

Count 1 charges that from in or about 2009 until May 6, 2015, Mr. Miller and others unlawfully and knowingly conspired to conduct and participate, directly and indirectly, in the conduct of the affairs of an enterprise through a pattern of racketeering activity.  MIC is not charged in Count 1.  The instructions I have given you on the elements of a conspiracy apply in full to the RICO conspiracy charge.  I will now instruct you on the elements of the RICO offense that is the object of the alleged conspiracy. To establish a RICO offense, the government must prove each of the following beyond a reasonable doubt:

First, there was an on-going enterprise with some sort of formal or informal framework for carrying out its objectives, consisting of a group of persons or entities associated together for a common purpose of engaging in a course of conduct.  An enterprise need not be a formal entity such as a corporation and need not have a name, regular meetings, or established rules;

Second, the defendant was employed by or associated with the enterprise;

Third, the defendant conducted or participated in, directly or indirectly, the affairs of the enterprise through a pattern of racketeering activity.  To conduct or participate means that the defendant had to be involved in the operation or management of the enterprise; and

Fourth, the enterprise engaged in or its activities in some way affected commerce between one state and another state.

24

COUNT 1—RICO CONSPIRACY—RACKETEERING ENTERPRISE

The government must prove that an "enterprise," namely, the Karapedyan-Stepanyan Enterprise, existed that was engaged in or had an effect on interstate commerce. An enterprise is a group of people who have associated together for a common purpose of engaging in a course of conduct over a period of time.  This group of people, in addition to having a common purpose, must have an ongoing organization, either formal or informal. The personnel of the enterprise, however, may change and need not be associated with the enterprise for the entire period alleged in the Indictment.  This group of people does not have to be a legally recognized entity, such as a partnership or corporation.  This group may be organized for a legitimate and lawful purpose, or it may be organized for an unlawful purpose.

Therefore, the government must prove beyond a reasonable doubt that this was a group of people (1) associated for a common purpose of engaging in a course of conduct; (2) that the association of these people was an ongoing formal or informal organization; and (3) the group was engaged in or had an effect upon interstate or foreign commerce. The government need not prove that the enterprise had any particular organizational structure.

Interstate commerce includes the movement of goods, services, money, and individuals between states.  These goods can be legal or illegal.  Only a minimal effect on commerce is required and the effect need only be probable or potential, not actual.  It is not necessary to prove that the defendant's own acts affected interstate commerce as long as the enterprise's acts had such effect.

1

COUNT 1—RICO CONSPIRACY—PATTERN OF RACKETEERING ACTIVITY

2

3      To establish a pattern of racketeering activity, the government must prove each of

4 the following beyond a reasonable doubt:

5

6      First, that at least two acts of racketeering were committed within a period of ten

7 years of each other.  The racketeering acts alleged in Count 1 are mail and wire fraud and

8 money laundering.  I will instruct you on the elements of these offenses in a few minutes.

9      Second, the acts of racketeering activity were related to each other, meaning that

10 there was a relationship between or among the acts of racketeering; and

11      Third, the acts of racketeering amounted to or posed a threat of continued criminal

12 activity.

13

14      With respect to the second element, acts of racketeering are related if they embraced

15 the same or similar purposes, results, participants, victims, or methods of commission, or

16 were otherwise interrelated by distinguishing characteristics.

17      Sporadic, widely separated, or isolated criminal acts do not form a pattern of

18 racketeering activity.

19      Two racketeering acts are not necessarily enough to establish a pattern of

20 racketeering activity.

21

22

23

24

25

26

27

28

COUNT 1—RICO CONSPIRACY—RACKETEERING ACT—

MAIL AND WIRE FRAUD

The acts of racketeering activity charged in Count 1 include mail and wire fraud.  I will instruct you on the elements of mail and wire fraud in my instructions on Count 2 through 12.  Those instructions apply equally to the mail and wire fraud acts of racketeering activity charged in Count 1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

COUNT 1—RICO CONSPIRACY—RACKETEERING ACT—

LAUNDERING MONETARY INSTRUMENTS, 18 U.S.C. § 1956

The acts of racketeering activity charged in Count 1 also include laundering monetary instruments under Section 1956 of Title 18 of the United States Code. I will instruct you on the elements of laundering monetary instruments under that section in my instructions on Count 13 of the Indictment. Those instructions apply equally to the laundering monetary instruments acts of racketeering activity charged in Count 1.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

COUNT 1—RICO CONSPIRACY—RACKETEERING ACT—MONEY
LAUNDERING, 18 U.S.C. § 1957

The acts of racketeering activity charged in Count 1 also include money laundering under Section 1957 of Title 18 of the United States Code.  Because money laundering under this section is not charged in a further count of the Indictment, the following instructions only apply to money laundering charged as an act of racketeering activity under Count 1, not the money laundering conspiracy charged in Count 13.

Money laundering under 18 U.S.C. § 1957 consists of the following elements:

First, the individual knowingly engaged or attempted to engage in a monetary transaction;

Second, the individual knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from mail or wire fraud; and

Fifth, the transaction occurred in the United States.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "financial institution" means an insured bank.

The term "criminally derived property" means any property constituting, or derived from, the proceeds of a criminal offense. The government must prove that the individual knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the individual knew the precise nature of that criminal offense, or knew the property involved in the transaction represented the proceeds of mail and wire fraud.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

COUNT 2—MAIL AND WIRE FRAUD CONSPIRACY

Miller is charged in Count 2 of the Indictment with conspiring to commit mail and wire fraud in violation of Section 1349 of Title 18 of the United States Code.  For Miller to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at least in or about 2009, and ending on or about May 6, 2015, there was an agreement between two or more persons to commit at least one crime of mail or wire fraud, with all of you agreeing which crime or crimes were agreed to; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

1

COUNT 2—WIRE FRAUD

2      The elements of wire fraud are as follows:

3

4      First, the individual knowingly participated in or devised a scheme or plan to

5   defraud, or a scheme or plan for obtaining money or property by means of false or

6   fraudulent pretenses, representations, or promises. Deceitful statements of half-truths may

7   constitute false or fraudulent representations;

8      Second, the statements made as part of the scheme were material; that is, they had a

9   natural tendency to influence, or were capable of influencing, a person to part with money

10  or property;

11     Third, the individual acted with the intent to defraud, that is, the intent to deceive

12  and cheat; and

13     Fourth, the individual used, or caused to be used, an interstate or foreign wire

14  communication to carry out or attempt to carry out an essential part of the scheme.

15

16     In determining whether a scheme to defraud exists, you may consider not only the

17  individual's words and statements, but also the circumstances in which they are used as a

18  whole.

19     A wiring is caused when one knows that a wire will be used in the ordinary course

20  of business or when one can reasonably foresee such use.

21     The term "wire communication" includes emails, telephone calls, and electronic

22  financial transfers.

23     It need not have been reasonably foreseeable to the individual that the wire

24  communication would be interstate or foreign in nature. Rather, it must have been

25  reasonably foreseeable to the individual that some wire communication would occur in

26  furtherance of the scheme, and an interstate or foreign wire communication must have

27  actually occurred in furtherance of the scheme.

28

31

1                COUNT 2, COUNTS 3 THROUGH 12—MAIL FRAUD

2

3       Miller and MIC are both charged in Counts 3–12 of the Indictment with mail fraud

4 in violation of Section 1341 of Title 18 of the United States Code.  For either defendant to

5 be found guilty of that charge, the government must prove each of the following elements

6 beyond a reasonable doubt:

7

8       First, the defendant knowingly participated in or devised a scheme or plan to

9 defraud, or a scheme or plan for obtaining money or property by means of false or

10 fraudulent pretenses, representations, or promises.  Deceitful statements of half-truths may

11 constitute false or fraudulent representations;

12       Second, the statements made as part of the scheme were material; that is, they had a

13 natural tendency to influence, or were capable of influencing, a person to part with money

14 or property;

15       Third, the defendant acted with the intent to defraud; that is, the intent to deceive

16 and cheat; and

17       Fourth, the defendant used, or caused to be used, the mails or private commercial

18 interstate carriers to carry out or attempt to carry out an essential part of the scheme.

19

20       The mailings alleged in Counts 3 through 12 are as follows:

21       Count 3:  An April 21, 2011 shipment of prescription drugs by commercial

22 interstate carrier from MIC's warehouse in Minnesota to Bettman's Pharmacy in Dayton,

23 Ohio.

24       Count 4:  An August 25, 2011 shipment of prescription drugs by commercial

25 interstate carrier from MIC's warehouse in Minnesota to Bettman's Pharmacy in Dayton,

26 Ohio.

27       Count 5:  A June 29, 2012 shipment of prescription drugs by commercial interstate

28 carrier from MIC's warehouse in Minnesota to QOL Meds in Cincinnati, Ohio.

Count 6:  A September 21, 2012 shipment of prescription drugs by commercial interstate carrier from MI's warehouse in Minnesota to QOL Meds in Cincinnati, Ohio.

Count 7:  An October 12, 2012 shipment of prescription drugs by commercial interstate carrier from MIC's warehouse in Minnesota to QOL Meds in Cincinnati, Ohio.

Count 8:  An October 12, 2012 shipment of prescription drugs by commercial interstate carrier from MIC's warehouse in Minnesota to QOL Meds in Newark, Ohio.

Count 9:  A November 20, 2012 shipment of prescription drugs by commercial interstate carrier from MIC's warehouse in Minnesota to QOL Meds in Dayton, Ohio.

Count 10:  A February 6, 2013 shipment of prescription drugs by commercial interstate carrier from MIC's warehouse in Minnesota to QOL Meds in Middletown, Ohio.

Count 11:  A May 28, 2013 shipment of prescription drugs by commercial interstate carrier from MIC's warehouse in Minnesota to QOL Meds in Dayton, Ohio.

Count 12:  A March 27, 2014 shipment of prescription drugs by commercial interstate carrier from MIC's warehouse in Minnesota to QOL Meds in Cincinnati, Ohio.


In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

A mailing is caused when one knows that the mails or a private commercial interstate carrier will be used in the ordinary course of business or when one can reasonably foresee such use. It does not matter whether the material mailed was itself false or deceptive so long as the mail was used as a part of the scheme, nor does it matter whether the scheme or plan was successful or that any money or property was obtained.

1

COUNT 2, COUNTS 3 THROUGH 12—SCHEME OR PLAN TO DEFRAUD

2

3          As I have instructed you, Counts 2 through 12 require proof of a scheme or plan to

4    defraud the alleged victims—here, MIC's customers. To establish the existence of a

5    scheme or plan to defraud, the government must prove beyond a reasonable doubt that the

6    object of the scheme was to obtain money or property from the alleged victims.

1

2

COUNTS 3 THROUGH 12—AIDING AND ABETTING

3

4

5

6

7

8

Counts 3 through 12 charge that Miller and MIC aided and abetted the crime of mail fraud.  A defendant may be found guilty of mail fraud even if the defendant did not commit the act or acts constituting the crime but aided and abetted in its commission.  To "aid and abet" means intentionally to help someone else commit a crime.  To prove a defendant guilty of mail fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

9

10

11

First, someone else committed the mail fraud offense charged in the count you are considering;

12

13

14

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of the mail fraud offense charged in the count you are considering;

15

Third, the defendant acted with the intent to facilitate mail fraud; and

16

Fourth, the defendant acted before the crime was completed.

17

18

19

20

21

22

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.  The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the mail fraud offense charged in the count you are considering.

23

24

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

25

26

27

28

United States District Court
Northern District of California

35

1

2

COUNTS 3 THROUGH 12—WILLFULLY CAUSING

3        Counts 3 through 12 charge that Miller and MIC willfully caused another person to

4   commit the crime of mail fraud.  A defendant may be found guilty of mail fraud even if the

5   defendant did not personally commit the act or acts constituting the crime if the defendant

6   willfully caused an act to be done that if directly performed by the defendant would be the

7   crime of mail fraud.  A defendant who willfully puts in motion or causes the commission

8   of an indispensable element of the offense may be found guilty as if he had committed that

9   element himself.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT 13—CONSPIRACY TO LAUNDER MONETARY INSTRUMENTS
UNDER 18 U.S.C. 1956(h)

Miller is charged in Count 13 of the Indictment with conspiring to launder monetary instruments in violation of Section 1956(h) of Title 18 of the United States Code.  In order for Miller to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning at least in or about 2009, and ending on or about May 6, 2015, there was an agreement between two or more persons to commit at least one crime of laundering monetary instruments; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

COUNT 13—LAUNDERING MONETARY INSTRUMENTS

UNDER 18 U.S.C. § 1956

Laundering monetary instruments under 18 U.S.C. § 1956 consists of the following elements:

First, the individual conducted a financial transaction involving property that represented the proceeds of mail and wire fraud;

Second, the individual knew that the property represented the proceeds of some form of unlawful activity; and

Third, the individual knew that the transaction was designed in whole or in part to conceal or disguise the nature and control of the proceeds.

A financial transaction is a transaction involving the movement of funds by wire or other means that affects interstate or foreign commerce in any way.

The phrase "knew that the property represented the proceeds of some form of unlawful activity" means that the individual knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a specified unlawful activity. I instruct you that mail and wire fraud are specified unlawful activities.

1

2

COUNT 14—UNLICENSED WHOLESALE DISTRIBUTION AND
FALSE STATEMENTS

3

4   Miller and MIC are charged in Count 14 with conspiring (1) to knowingly engage,

5   and cause others to engage, in the wholesale distribution in interstate commerce of

6   prescription drugs in a state without being licensed in that state, in violation of Sections

7   331(t), 353(e)(2)(A), and 333(b)(1)(D) of Title 21 of the United States Code, and (2) to

8   knowingly and willfully make and use a false document, knowing such document to

9   contain materially false, fictitious, and fraudulent statements and entries, in a matter within

10  the jurisdiction of the FDA, an agency within the executive branch of the United States, in

11  violation of section 1001 of Title 18 of the United States Code.

12  In order for a defendant to be found guilty of that charge, the government must

13  prove each of the following elements beyond a reasonable doubt:

14

15  First, beginning in or about September 2007, and continuing at least until April

16  2014, there was an agreement between two or more persons to commit at least one crime

17  as charged in the Indictment, with all of you agreeing which crime or crimes were agreed

18  to;

19  Second, the defendant became a member of the conspiracy knowing of at least one

20  of its objects and intending to help accomplish it; and

21  Third, one of the members of the conspiracy performed at least one overt act on or

22  after September 1, 2007 for the purpose of carrying out the conspiracy.

23

24  An overt act does not itself have to be unlawful. A lawful act may be an element of

25  a conspiracy if it was done for the purpose of carrying out the conspiracy. The government

26  is not required to prove that the defendant personally did one of the overt acts.

27

28

United States District Court
Northern District of California

39

1

2

COUNT 14—UNLICENSED WHOLESALE DISTRIBUTION

3

4

5

The following are the elements of unlicensed wholesale distribution of prescription drugs in violation of Sections 331(t), 353(e)(2)(A), and 333(b)(1)(D) of Title 21 of the United States Code:

6

7

First, the individual engaged in wholesale distribution of a prescription drug;

8

9

Second, the individual was not licensed in the state from which the drug was distributed; and

10

Third, the individual acted knowingly.

11

12

13

14

"Wholesale distribution" means the distribution of a prescription drug to a person other than a consumer or patient, or the receipt of a prescription drug by a person other than the consumer or patient.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## COUNT 14—WHOLESALE DISTRIBUTION

For purposes of Count 14, the term "wholesale distribution" means distribution of a prescription drug to other than the consumer or patient, but does not include intracompany sales.

1

COUNT 14—FALSE STATEMENTS

2

3       The following are the elements of knowingly and willfully using a document

4   containing a false statement in a matter within the jurisdiction of a governmental agency or

5   department in violation of section 1001 of Title 18 of the United States Code:

6

7          First, the individual used a writing that contained a false statement;

8          Second, the writing was made in a matter within the jurisdiction of the United

9   States Food and Drug Administration;

10         Third, the individual acted willfully; that is, the individual acted deliberately and

11   with knowledge both that the statement was untrue and that his or her conduct was

12   unlawful; and

13         Fourth, the writing was material to the activities or decisions of the United States

14   Food & Drug Administration; that is, it had a natural tendency to influence, or was capable

15   of influencing, the agency's decisions or activities.

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT 14—UNANIMITY

As I have told you, Count 14 charges Miller and MIC with a conspiracy to commit two crimes:  to knowingly engage in the wholesale distribution of prescription drugs in a state without being licensed in that state, and to knowingly and willfully use a document containing a false, material statement in a matter within the jurisdiction of the FDA.  To find a defendant guilty on this count, you need not find that the defendant you are considering conspired to commit both crimes; it is enough if you find, beyond a reasonable doubt, that the defendant conspired to commit one or the other of the two crimes.  But you must agree unanimously on which crime the defendant conspired to commit.  That is, to return a guilty verdict on Count 14, you must all find beyond a reasonable doubt that the defendant conspired to engage in unlicensed wholesale distribution of prescription drugs, or you must all find beyond a reasonable doubt that the defendant conspired to use a materially false document in a matter within the jurisdiction of the FDA, or you must all find beyond a reasonable doubt that the defendant conspired to commit both crimes.  It is not enough, for example, that six of you find that the defendant conspired to commit one crime and six of you find that he conspired to commit the other crime; to find a defendant guilty on Count 14, you must all agree that the defendant conspired to commit one crime or the other crime or both crimes.

1    VIOLATION OF PRESCRIPTION DRUG MARKETING ACT AND/OR

2    CALIFORNIA PHARMACY STATUTES

3          You have seen and heard evidence about the federal Prescription Drug Marketing

4    Act, or PDMA, and about California pharmacy statutes.  Violation of the PDMA, or of

5    California pharmacy statutes, is not in itself a crime.  Thus, evidence that a defendant

6    violated the PDMA or California pharmacy statutes is not sufficient, in and of itself, to

7    find the defendant guilty of the charged offenses.  For example, in order to find the

8    defendant guilty of conspiracy to engage in unlicensed wholesale distribution under Count

9    14, the government must prove all of the elements of such a conspiracy, including but not

10   limited to violation of the applicable sections of the PDMA. The government must prove

11   all of the elements of a charged offense beyond a reasonable doubt in order for you to find

12   a defendant guilty on that charge.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

KNOWINGLY

3
4        An act is done knowingly if the defendant is aware of the act and does not act

5   through ignorance, mistake, or accident.  You may consider evidence of the defendant's

6   words, acts, or omissions, along with all the other evidence, in deciding whether the

7   defendant acted knowingly.

1

2

DUTY TO DELIBERATE

3

4

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

5

6

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

7

8

9

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

10

11

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

12

13

14

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

Perform these duties fairly and impartially.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

22

23

24

25

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

26

27

28

United States District Court<br>Northern District of California

46

United States District Court
Northern District of California

1

2

CONSIDERATION OF THE EVIDENCE—CONDUCT OF THE JURY

3       Because you must base your verdict only on the evidence received in the case and

4   on these instructions, I remind you that you must not be exposed to any other information

5   about the case or to the issues it involves.  Except for discussing the case with your fellow

6   jurors during your deliberations:

7

8       Do not communicate with anyone in any way and do not let anyone else

9   communicate with you in any way about the merits of the case or anything to do with

10  it.  This restriction includes discussing the case in person, in writing, by phone, tablet,

11  computer, or any other means, via email, text messaging, or any Internet chat room, blog,

12  website or any other forms of social media.  This restriction applies to communicating with

13  your family members, your employer, the media or press, and the people involved in the

14  trial.  If you are asked or approached in any way about your jury service or anything about

15  this case, you must respond that you have been ordered not to discuss the matter and to

16  report the contact to the court.

17      Do not read, watch, or listen to any news or media accounts or commentary about

18  the case or anything to do with it; do not do any research, such as consulting dictionaries,

19  searching the Internet or using other reference materials; and do not make any

20  investigation or in any other way try to learn about the case on your own.

21      The law requires these restrictions to ensure the parties have a fair trial based on the

22  same evidence that each party has had an opportunity to address.  A juror who violates

23  these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to

24  any outside information, please notify the court immediately.

25

26

27

28

47

1

2

USE OF NOTES

3       Some of you have taken notes during the trial.  Whether or not you took notes, you

4 should rely on your own memory of what was said.  Notes are only to assist your

5 memory.  You should not be overly influenced by your notes or those of your fellow

6 jurors.

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

JURY CONSIDERATION OF PUNISHMENT

3

     The punishment provided by law for this crime is for the court to decide.  You may

4 not consider punishment in deciding whether the government has proved its case against

5 the defendant beyond a reasonable doubt.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

VERDICT FORM

3       A verdict form has been prepared for you.  After you have reached unanimous

4 agreement on a verdict, your foreperson should complete the verdict form according to

5 your deliberations, sign and date it, and advise the clerk that you are ready to return to the

6 courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.